UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                                                        :     **MEMORANDUM OPINION**
v.                                                                      :     **AND ORDER**
                                                                        :
IYIBIA BROWN,                                          :     18 CR 190-3 (VB)
                                     Defendant.   :
--------------------------------------------------------------x

Briccetti, J.:

      Now pending is defendant Iyibia Brown's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce her term of imprisonment to time served in light of the current COVID-19 pandemic.  (Doc. #135).

      For the following reasons, the motion is DENIED.

Exhaustion

      In its Order dated July 2, 2020 (Doc. #136), the Court stated that it appeared Brown had satisfied Section 3582(c)(1)(A)'s explicit exhaustion requirement, based on her representation that she made an application to the warden of her facility for compassionate release more than thirty days before she filed her motion and the warden had denied her request.  (Doc. #135).  It is now clear that Brown did not in fact make such an application, and thus did not satisfy the exhaustion requirement.  The record reflects that on May 19, 2020, Brown submitted an email asking "how does the [compassionate] release [apply] to someone with cognitive difficulties and also [severe] asthma and breathing [issues] and who has a slight heart murmur."  (Doc. #137 Ex. B).  On June 2, 2020, the facility responded with a general explanation of the standards it would apply to such a request if made, and directed Brown to certain Bureau of Prisons ("BOP") bulletins containing additional information about requests for compassionate release.  (Id. Ex. C).

1

The statute's exhaustion requirement must be complied with prior to the filing of a compassionate release motion:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). The Court does not have the power to waive the exhaustion requirement. See, e.g., United States v. Ogarro, 2020 WL 1876300, at *3–5 (S.D.N.Y. Apr. 14, 2020); United States v. Roberts, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

The record shows Brown has not properly exhausted her administrative remedies, which warrants the denial of her motion.

The Merits

Because defendant has not properly exhausted her administrative remedies, the Court need not consider the merits of the motion; i.e., whether there are extraordinary and compelling reasons to release her from BOP custody now. However, in the interest of resolving this matter as expeditiously as possible, and because there is a sufficient record before the Court at this time, the Court will address the merits of the motion. On the merits, the requested relief is not warranted.

First, Brown's offense was exceptionally serious. She was convicted after trial of bank robbery and conspiracy to commit bank robbery. Her co-conspirators Parris and Young entered the bank with a loaded gun, which one of them used to terrorize several employees and a customer. Brown served as the getaway driver, dropping Parris and Young off on a side street, out of sight of the bank's surveillance cameras. She then waited in the car until Parris and

Young returned, at a run, with Parris carrying bundles of cash stolen at gunpoint from the bank. At the car, Parris changed out of his all-black clothing and placed the cash in a bag, which officers later found on the floor in the front passenger seat area of the vehicle, within arm's reach of Brown. Because the cash contained a hidden GPS tracking device, the police located Brown's car only minutes after the robbery. When a police officer attempted to pull Brown over using his lights and sirens, Brown slowed down but then tried to pull back into traffic. After the police successfully stopped the car, officers found the robbers, the cash, the bank's GPS tracking device, the gun used in the robbery, and the discarded black clothes. Brown testified in her own defense at trial, but her testimony was implausible and simply not believable. The jury convicted on both counts.

At sentencing on June 27, 2019, after careful consideration of all the 18 U.S.C. § 3553(a) factors, and despite an applicable Sentencing Guidelines range of 70–87 months' imprisonment, the Court imposed a sentence of 36 months' imprisonment, followed by three years of supervised release. The principal reasons for the substantial downward variance were that Brown was the single mother of a five-year-old child, and that she wasn't the one who terrorized the people in the bank with a gun. The Court concluded the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Brown, who had been on pretrial release during the pendency of her case, was allowed to self-surrender to the institution designated by the BOP for service of her sentence. She has been in custody since September 27, 2019. As a result, Brown has served just over ten months of her jail sentence, or about twenty-eight percent of the sentence imposed.

Second, Brown has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account her medical history, the BOP's success at preventing the introduction of COVID-19 into her facility (Federal Prison Camp ("FPC") Alderson), the seriousness of her criminal conduct, and the need for the sentence imposed to promote respect for the law, provide just punishment, and afford adequate deterrence.  Brown is twenty-seven years old.  She is not elderly or infirm.  She does have asthma and is obese, and individuals with those conditions are at risk for serious complications from COVID-19.  However, her medical records (submitted by both the government and defendant) show that BOP medical staff has routinely monitored and appropriately managed Brown's health.  Moreover, she does not suffer from diabetes, hypertension, or any serious heart ailments—conditions that would place Brown at a higher risk of complications from COVID-19.  In short, her health is stable.[1]

Of course Brown is at risk for contracting the virus at FPC Alderson, or anywhere else.  However, the Court is persuaded by the government's submissions that FPC Alderson has taken substantial measures to respond to the COVID-19 threat at its facility and has the means to competently care for its inmate population.  Indeed, FPC Alderson has had zero confirmed cases of COVID-19 among inmates.[2]  Accordingly, Brown's risk of exposure, while not zero, is low.

---

[1]     Brown also claims to have a heart murmur, although she has not submitted medical records or other evidence, other than her self-report of such a condition to BOP medical staff, to support that claim.  She also apparently suffers from polycystic ovarian syndrome ("PCOS").  However, neither a heart murmur nor PCOS is a condition that has been recognized as increasing an individual's risk of either contracting COVID-19 or developing severe complications from the disease.

[2]     See COVID-19 Inmate Test Information, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 6, 2020).

Brown also argues she should be released because her daughter (who is being cared for by grandparents) needs Brown's care and support, she has no criminal history, and she has a safe and supportive environment in which to live and a job to go back to.  But all these things were true at the time of sentencing and were taken into account by the Court in imposing sentence. Moreover, Brown's family circumstances do not constitute "extraordinary and compelling reasons" to reduce her sentence.  <u>See</u> U.S. Sentencing Guidelines § 1B1.13 cmt. 1(C) (providing policy guidance on "family circumstances" that may constitute extraordinary and compelling reasons warranting a reduction of sentence:  (i) the death or incapacitation of the caregiver of a defendant's minor child, and (ii) the incapacitation of a defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner).

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable," none of which supports Brown's early release.  The serious nature of Brown's offense warranted the sentence at the time it was imposed; those same factors counsel strongly against cutting that sentence by more than seventy percent.  Moreover, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Brown's sentence by more than seventy percent would undermine another sentencing objective in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct.  These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Brown's early release.

Accordingly, defendant Iyibia Brown's motion to reduce her term of imprisonment is DENIED.

Chambers will mail a copy of this memorandum opinion and order to defendant at the following address:

> Iyibia Brown
> Reg. No. 85363-054
> FPC Alderson
> Federal Prison Camp
> Glen Ray Rd. Box A
> Alderson, WV 24910

Dated: August 6, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge