Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRO
DOC #:
DATE: 5/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

IYIBIA BROWN,
                              Defendant.
--------------------------------------------------------------x

**ORDER**

18 CR 190-3 (VB)

       By motion dated March 31, 2021 (which the government has not opposed), defendant Iyibia Brown asks the Court to make a recommendation to the U.S. Bureau of Prisons ("BOP") that she be considered for early placement in a Residential Reentry Center and/or on home confinement. (Doc. #146).

       The request is GRANTED.

       Although defendant was convicted of participating in a bank robbery in which one of her co-conspirators brandished a firearm, it is clear she did not enter the bank herself and that her role was limited to being the driver of the getaway car, for which she was recruited by her co-conspirator boyfriend. There is no question Ms. Brown was substantially less culpable than her co-conspirators.

       Moreover, at the time of the robbery, defendant had no prior criminal record and was gainfully employed. She is also the single mother of a six-year old daughter.

       The Court has been advised that defendant's overall conduct while in custody has been satisfactory, and that she has successfully completed several education courses. The Court has also consulted with the Probation Department, which does not oppose Ms. Brown's early placement in a Residential Reentry Center and/or on home confinement.

       In imposing sentence in this case, this Court considered all of the factors set forth in 18 U.S.C. § 3553(a), and concluded that a sentence of thirty-six months' imprisonment was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Defendant has now served a majority of the sentence imposed. Under the circumstances, the Court is confident that all of its sentencing objectives have been achieved, and that Ms. Brown's early placement in a Residential Reentry Center and/or on home confinement would facilitate her rehabilitation and is not inconsistent with BOP's obligation to protect public safety.

       Accordingly, the Court recommends that BOP exercise its discretion under applicable law to consider Ms. Brown for early placement in a Residential Reentry Center and/or on home confinement.

       To be clear, the Court is not ordering BOP to take these steps; it is simply recommending that BOP do so. If BOP chooses to exercise its discretion in this regard, it is entirely up to BOP

to determine the length of time defendant should spend in a Residential Reentry Center and/or on home confinement.

The Probation Department is directed to provide a copy of this Order to the appropriate person or office within the BOP.

Chambers will mail a copy of this Order to defendant at the following address:

Iyibia Brown, Reg. No. 85363-054
FPC Alderson
Federal Prison Camp
Glen Ray Rd. Box A
Alderson, WV 24910

Dated: May 3, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge